**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL OMAR COOKS,

        Petitioner,

vs.                                        Case No.:    3:13-cv-1152-J-34JBT
                                                                         3:12-cr-11-J-34JBT

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Daniel Omar Cooks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1, Motion to Vacate)[1] as supplemented with a claim based on Johnson v. United States, 135 S. Ct. 2551 (2015) (Doc. 8, Supplement to Motion to Vacate). Cooks asserts, among other things, that his sentence under the Armed Career Criminal Act (ACCA) is unlawful in light of the Supreme Court's Johnson decision. In Johnson, the Supreme Court held that the ACCA's residual clause, which formed part of the definition of a "violent felony," is unconstitutionally vague. Cooks argues that he was illegally sentenced to the ACCA's 15-year mandatory minimum on account of the residual clause, and that he is entitled to be resentenced.

At the Court's direction, the United States filed a supplemental response. (Doc. 15, Supplemental Response). The United States agrees that Cooks's ACCA sentence is unlawful, and that the Court should resentence him without applying the ACCA

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Daniel Omar Cooks, Case No. 3:12-cr-11-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:13-cv-1152-J-34JBT, will be denoted as "Doc. __."

enhancement. (Id. at 1, 5). The United States has not conceded Cooks's other claims for relief, which are three grounds of ineffective assistance of counsel (Motion to Vacate at 5-8), and one ground claiming that Cooks is "actually innocent" of the ACCA enhancement (for reasons other than the most recent Johnson decision) (id. at 4).

On June 23, 2016, Cooks responded with a "Notice of Voluntary Dismissal of Grounds One Through Four and Request for Resentencing Pursuant to Johnson." (Doc. 16, Notice of Voluntary Dismissal). Cooks announces that, in light of the United States' concession, he is abandoning the ineffective assistance and "actual innocence" claims that were raised in the original Motion to Vacate. Cooks requests that the Court proceed to resentence him "without the ACCA enhancement pursuant to the Supreme Court's decision in Johnson." (Id. at 3). Thus, the Court will dismiss Grounds One through Four of Cooks's original Motion to Vacate and proceed to consider the Johnson claim raised in the Supplement to Motion to Vacate.

In consideration of the record before the Court, sentencing Cooks as an "armed career criminal" on the basis of a statutory provision that the Supreme Court has deemed to be unconstitutionally vague was "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As such, the Motion to Vacate as supplemented is due to be granted to the extent that the Court will vacate Cooks's sentence. The Court will re-sentence Cooks without applying the ACCA's 15-year mandatory minimum. For the purpose of re-sentencing, the Court will extend the appointment of counsel, direct the United States Probation Office to prepare a supplement to the presentence investigation report, and thereafter conduct a new sentencing hearing.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Daniel Omar Cooks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1), as supplemented (see Doc. 8), is **GRANTED** to the extent Cooks challenges his sentence under the ACCA. As to Grounds One through Four, the Motion to Vacate is **DISMISSED** pursuant to Cooks's Notice of Voluntary Dismissal (Doc. 16).

2. In short order, the Court will:
   a. Enter an order in the related criminal case vacating the original judgment and sentence;
   b. Extend the appointment of counsel for Cooks;
   c. Set a schedule for sentencing memoranda and a re-sentencing hearing.

3. This Order does not affect Cooks's adjudication of guilt on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (See Crim. Doc. 34, Acceptance of Guilty Plea).

4. The Court directs the United States Probation Office to prepare a supplement to Cooks's presentence investigation report, recalculating Cooks's applicable guidelines range and advising the Court of any matters occurring since his previous sentencing hearing that would be relevant to the determination of an appropriate sentence.

5. The Clerk of Court is directed to enter judgment in favor of Cooks to the extent that his sentence is vacated. The Clerk of Court is further directed to terminate all

pending motions as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of June, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Daniel Omar Cooks